FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 MAR 10 AM 11: 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAR 1 0 1999

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | CV 97-L-2920-S |
| 1.543 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; WILLADEAN GOODWIN, et al., | ) ) ) ) | |
| RE: CULLMAN PARCEL NO. 89 | ) ) | |
| Defendants, | ) | |

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, plaintiff's objections to the Report of Commissioners, as well as the court's findings.

II  Damages Awarded For The Permanent Easement  ($9,180)

The Commissioners awarded $9,180 for the 1.543 acres permanently taken. Neither party has objected to this award, and the Commission's findings are approved and adopted

22

as the findings of the court.


III.     Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $15,000 for damages to the remaining property outside of the permanent easement caused by the pipeline. Southern objects to this award arguing that the award of $15,000 is not properly supported by any credible evidence before the Commission and is clearly erroneous.

David Goodwin testified that he had discussed with his mother, Mrs. Willadean Goodwin, developing the 40 acre tract as a subdivision to supplement her income during retirement. In 1994, they had a survey drawn dividing the property into 59 lots with an outparcel where Mrs. Goodwin and her daughter reside. As stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which the property was being put on the date of taking, but also to any other more economically valuable uses for which, as of the date of taking (and but for the taking), the property was adaptable and needed (or likely to be needed in the reasonably near future) by other owners... It would not be proper to consider any alternative use unless the evidence shows that to have been (but for the taking) a probable use in the reasonably near future. *See pp. 10-11*

The court finds that no evidence was presented before the Commissioners showing further action had been taken by defendants to record the subdivision map or develop the property.

Thus, the court finds that the 1994 survey drafted by the defendants is not sufficient evidence to support a finding that the development of a subdivision is a probable use in the reasonably near future.

Although Mr. Roger Pugh, an appraiser, testified that damages to the remainder of the property would be $76,472.30, this amount was not based on any calculation and was solely an opinion. As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (*See pp. 8-9*) Mr. Pugh did not identify the type of damages to the remainder for which compensation was given, and he had no market data to support his opinion. After considering all evidence, the Court finds that the $15,000 in damages awarded for the damage to the remainder recommended in the Commissioner's report is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

IV.     Amount Awarded For The Temporary Easement ($1,500)

The Commissioners awarded $1,500 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.        Damages Awarded For The Loss Of Timber ($648)

The Commissioners awarded $648 for the loss of timber. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VI        Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $26,328. The court has decided to moderate such award from $26,328 to $11,328, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In view of the foregoing discussion, a separate judgment will be entered in the amount of $11,328 as just compensation to the owner of Cullman Parcel 89 for the taking of the above-described easement.

Done this 5th day of March, 1999.

*Seybourn H. Lynne*
Senior Judge